UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$26,660.00 IN U.S. CURRENCY<br><br>Defendants. | No. 2:18-CV-08510-PA (JEMx)<br><br>CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND CLAIMANT MICHAEL DIXON |

  Pursuant to the stipulation and request of Plaintiff United States of America and Claimant Michael Dixon ("Dixon"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

  On or about October 3, 2018, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified Complaint For Forfeiture alleging that defendants $26,660.00 in U.S. Currency (the "defendant

currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Dixon filed an administrative claim to the defendant currency with the Drug Enforcement Administration on or about July 10, 2018 but did not file an answer to the Verified Complaint for Forfeiture before the December 7, 2018 answer deadline. However, before and after the answer deadline, the plaintiff and Dixon exchanged several e-mail and telephone calls concerning seizure of the defendant currency and various settlement options.

Other than Dixon, no other person or entity has asserted a claim to the defendant currency.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The United States of America and Claimant Dixon have now agreed to settle this action relative to the disputes between them with respect to the Dixon-claimed defendant currency and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and Claimant Dixon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. As between the United States of America and Claimant Dixon with respect to the defendant currency, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. As between the United States of America and Claimant Dixon with respect to the defendant currency, the Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation with respect to the defendant currency. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency.

4. The sum of $2,600.00 only (without interest) shall be returned to Claimant Dixon. The remainder of the defendant currency (i.e., $24,060.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Claimant Dixon pursuant to paragraph 4 above shall be paid to Claimant Dixon by electronic transfer. Claimant Dixon shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant Dixon's social security and taxpayer identification numbers (if any), the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the account to which the transfer of funds is to be made.

6. Claimant Dixon, on behalf of himself and Corleone Family Entertainment, hereby waives, relinquishes and abandons any right to contest the forfeiture of the defendant $26,660.00 in U.S. Currency and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Dixon hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant Dixon with respect to the defendant currency whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. As between the United States of America and Claimant Dixon with respect to the defendant currency, (i) the Court finds that there was reasonable cause for the

seizure of the defendant currency and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. As between the United States of America and Claimant Dixon with regard to the defendant currency, the Court further finds that Claimant Dixon did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

9. The United States of America and Claimant Dixon consent to this judgment and waive any right to appeal this judgment.

Dated: February 06, 2019

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA